UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:23-CV-193-DPJ-FKB

GRAND OAK FARMS, JOSEPH EDWARD
WOODARD, INDIVIDUALLY, AND TOM C. WOODARD,
INDIVIDUALLY                                                              DEFENDANTS

ORDER

Plaintiff Helena Agri-Enterprises, LLC, seeks default judgment against two Defendants (Grand Oak Farms and Joseph Woodard) under Federal Rule Civil Procedure 55(b)(2). For the reasons below, the Court requests additional briefing.

I.      Facts and Procedural Background

Because no Defendant has responded, the facts before the Court are those alleged in Helena's complaint. On March 16, 2023, Helena sued Defendants for breaching two agreements, a Finance Agreement [1-1] and a Guaranty Agreement [1-2]. Compl. [1]. According to Helena, it loaned money to Joseph and Tom Woodard and their partnership Grand Oak Farms, *id.* ¶ 7, but the three borrowers defaulted, *id.* ¶¶ 9–10. Thus, Grand Oak and the Woodards are each liable for a total of $273,302.86 plus interest and various costs. *Id.* ¶¶ 8, 17.

Helena served all Defendants by June 19, but no Defendant filed an answer. So on July 31, Helena obtained a Rule 55(a) entry of default against Joseph Woodard. Entry [7]. (Helena's motion erroneously says Tom, not Joseph. Mot. [10] at 1.) About two weeks later, it obtained an entry of default against Grand Oak. Entry [9]. And on August 31, Helena moved for a default judgment against Grand Oak and Joseph Woodard—the matter now before the Court. Mot. [10]. Helena did not seek default judgment against Tom Woodard because he sought

protection in the Bankruptcy Court for the Southern District of Mississippi.  *See* Mot. [10] at 1 (citing automatic stay under 11 U.S.C. § 362).

II.     Standard

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).  Default judgments are "available only when the adversary process has been halted because of an essentially unresponsive party."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

III.    Discussion

As the motion explains, Helena never sought entry of default against Tom Woodard because he filed for bankruptcy protection and the case against him was automatically stayed.  Mot. [10] at 1 (citing 11 U.S.C. § 362(a)(1)).  When that happened, he still had time left to answer the Complaint under Rule 12(a)(1)(A)(i), so he was never in default.

That may create a problem for Helena's Rule 55(b) motion.  Courts have held that default judgment is inappropriate when less than all defendants have defaulted.  *Willis v. Seminole Furniture, LLC*, No. 1:19-CV-00036-GHD-DAS, 2020 WL 8736325, at *1 (N.D. Miss. Aug. 27, 2020) (quoting *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987)).  That is especially true when the plaintiff seeks to hold multiple defendants liable for the same damages.  *Allstate Prop. & Cas. Ins. Co. v. Moore*, No. 3:13-CV-177-DPJ-FKB, 2014 WL 1400171, at *2 (S.D. Miss. Apr. 9, 2014) (joint and several liability) (citing *Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC*, No. 1:12-CV-213-HSO-RHW, 2013 WL 5445129, at *2 (S.D. Miss. Sept. 30, 2013)).

When less than all defendants are in default, the "general rule" is that "a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Willis*, 2020 WL 8736325, at *1 (quoting *Raleigh Cycle Co. of Am.*, 1987 WL 11889, at *1). That rule follows *Frow v. De La Vega*, where the Supreme Court held:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants . . . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Frow*, 82 U.S. (15 Wall.) 552, 554 (1872). And though *Frow* is old, the Fifth Circuit favorably cited it in a slightly different context in *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). There, the Fifth Circuit noted that *Frow* addresses the need to avoid inconsistent judgments, something that could happen here if Tom Woodard later answers the Complaint. *Id.*

That said, the Court has not exhaustively researched the issues, and there could be a bankruptcy angle to this that distinguishes the *Frow* line of cases. Helena should therefore receive notice of these concerns and an opportunity to respond.

IV. Conclusion

For these reasons, Helena is given 14 days from the date of this Order to either withdraw its motion for default judgment or file a supplemental brief supporting it.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2023.

             s/ *Daniel P. Jordan III*
             CHIEF UNITED STATES DISTRICT JUDGE