UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC                                                              PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:23-CV-193-DPJ-FKB

GRAND OAK FARMS, JOSEPH EDWARD
WOODARD, Individually, and TOM C. WOODARD,
Individually                                                                                                    DEFENDANTS

ORDER

Plaintiff Helena Agri-Enterprises, LLC, seeks default judgment [10] against Defendants Grand Oak Farms and Joseph Woodard under Federal Rule of Civil Procedure 55(b)(2). The motion is granted as to liability, but the Court requests additional evidence on damages. As for the remaining defendant, Tom Woodard, Helena asks the Court to dismiss the claims against him without prejudice. But entering an order dismissing Tom Woodard without prejudice might create a "finality trap." If Helena chooses to file a stipulation of dismissal it may do so.

I.    Facts and Procedural Background

Because no Defendant has responded, the Court accepts the facts alleged by Helena. On March 16, 2023, Helena sued Defendants for breaching two agreements, a Finance Loan Agreement [1-1] and a Guaranty Agreement [1-2]. Compl. [1]. According to Helena, it loaned money to Joseph and Tom Woodard and their partnership Grand Oak Farms, *id*. ¶ 7, but the borrowers defaulted, *id*. ¶¶ 9–10. Thus, Grand Oak and the Woodards together owe a total $260,223.17 plus interest and various costs. *Id*. ¶¶ 8, 17.

Helena served all Defendants by June 19, but no Defendant answered the Complaint. So, on July 31, Helena obtained a Rule 55(a) entry of default against Joseph Woodard. Entry [7]. About two weeks later, it obtained an entry of default against Grand Oak. Entry [9]. And on

August 31, Helena moved for a default judgment against Grand Oak and Joseph Woodard—the matter now before the Court.  Mot. [10].  Helena did not ask for default judgment against Tom Woodard because he sought protection in the United States Bankruptcy Court for the Southern District of Mississippi.  *See* Mot. [10] at 1 (citing automatic stay under 11 U.S.C. § 362).

The Court initially declined to consider Helena's motion due to the risk of inconsistent judgments addressed in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  The Court gave Helena 14 days to withdraw the motion or submit a supplemental brief.  Order [11] at 2–3. Choosing the latter option [13], Helena hopes to cure the *Frow* issue by asking the Court to dismiss Tom Woodard without prejudice and enter a default judgment against the remaining defendants.

II.   Standard

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).  Courts disfavor default judgments, which are "available only when the adversary process has been halted because of an essentially unresponsive party."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).  But when that happens, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  *H.F. Livermore*, 432 F.2d at 691.

III.  Analysis

   A.   The Court Has Personal and Subject-Matter Jurisdiction

To start, the Court must have jurisdiction to grant a default judgment.  *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).  Here the Court finds it has

2

personal jurisdiction over Defendants, who are Mississippi residents properly served with process.[1] Subject-matter jurisdiction likewise exists under 28 U.S.C. § 1332 (diversity of citizenship). As a partnership, Grand Oak is considered a "citizen" of Mississippi because its members, the Woodards, are Mississippi citizens. *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) (citing *Royal Ins. v. Quinn-L Cap. Corp.*, 3 F.3d 877 (5th Cir. 1993)). Helena pleads that it is a Delaware LLC doing business principally in Tennessee and that its sole member is a New York corporation whose principal place of business is New York. Compl. [1] ¶ 1. The parties are therefore diverse, and the amount in controversy well exceeds $75,000. *Id.* ¶¶ 14, 17.

That said, both agreements include clauses by which the borrowers consent to jurisdiction in other states. *See* Loan Agr. [1-1] at 4 (Tennessee and Delaware); Guar. Agr. [1-3] at 2 (Tennessee). "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) (quoting *Braspetro Oil Servs. Co. v. Modec (USA)*, 240 F. App'x 612, 615 (5th Cir. 2007)). A forum-selection clause "is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016) (emphasis in original). Because the agreements require only that the borrowers not oppose jurisdiction in Tennessee (or Delaware),

---

[1] The Woodards were each served personally, and Tom Woodard was personally served with process upon the partnership. Service may be made on individuals and partnerships in the manner provided by Mississippi law for its courts of general jurisdiction. Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(A). Personal service on the Woodards sufficed for them and for Grand Oak. Miss. R. Civ. P. 4(d)(1)(A) & 4(d)(4); *see also* Miss. Code § 13-3-55 ("[S]ervice of process on any partner shall be sufficient. . . ."), quoted in *Nelson v. Baptist Mem'l Hosp.-N. Miss., Inc.*, 70 So. 3d 190, 194 n.12 (Miss. 2011).

they don't mandate that only the courts in those states may hear actions arising from the agreements. Therefore, they don't impede the Court's jurisdiction.

B.  The Court Will Not Dismiss Tom Woodard Under Rule 41

Helena "respectfully requests that this Court enter [the] stipulation of dismissal" it attached to its memorandum, dismissing Tom Woodard without prejudice. Def.'s Mem. [13] at 3; *see also* Stip. [13-1]. To begin, the Court agrees with Helena that it could dismiss Tom Woodard without violating the automatic stay. *See* Def.'s Mem. [13] at 4–10. The question is whether it should.

Because Woodard neither answered the Complaint nor moved for summary judgment, Helena was not required to obtain court approval and could have unilaterally docketed its stipulation. *See* Fed. R. Civ. P. 41(a)(1)(A). Yet Helena seems to ask the Court to enter an order of dismissal. There are two potential problems with that approach. First, any request for court action must be made through a separately docketed motion. *See* L.U. Civ. R. 7(b). So technically there is no motion before the Court.

Substantively, if Helena seeks a Court order, then it could create a "finality trap." *Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020). In the Fifth Circuit, "there is no final decision if a plaintiff voluntarily dismisses a defendant without prejudice, because the plaintiff 'is entitled to bring a later suit on the same cause of action.'" *Id.* (quoting *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). This "finality trap" means that a plaintiff dismissing one defendant without prejudice and pursuing the remaining defendants may be stuck without an appealable final judgment. *Id*.

Thus, if for instance Helena were to obtain a default judgment against Joseph Woodard and Grand Oak but felt aggrieved by the Court's damages award, the Fifth Circuit might find no appealable final judgment. *See, e.g.*, *CBX Res., L.L.C. v. ACE Am. Ins. Co.*, 959 F.3d 175, 175–76 (5th Cir. 2020) (dismissing appeal for want of appealable final judgment: "Appellant finds itself in the so-called 'finality trap.'"). Or, it has been speculated, if a plaintiff dismisses claims or defendants without prejudice and obtains a judgment, that judgment cannot be enforced by writ of execution because Rule 69(a) applies only to final judgments. Terry W. Schackman & Barry L. Pickens, *The Finality Trap: Accidentally Losing Your Right to Appeal (Part I)*, 58 J. Mo. B. 78, 80 n.18 (2002).

There are ways around this problem, and the Fifth Circuit identified several in *Williams*: amending the complaint, severing a party, obtaining a partial final judgment under Rule 54(b), or simply choosing voluntary dismissal with prejudice, not without. 958 F.3d at 344. Helena must decide how it wishes to proceed. If the "finality trap" doesn't bother it, then Helena remains free to file its Rule 41(a)(1)(A)(i) stipulation of dismissal. *See Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (plaintiff "entitled as a matter of right" to dismiss one defendant who hasn't answered or moved for summary judgment). Or it may opt for one of the other avenues suggested in *Williams*. Regardless, there is no motion before the Court at this time.

That leaves the motion for default judgment, which would still have a *Frow* issue if Tom Woodard remained a party. But, as discussed next, the Court will not enter default judgment until the damages have been better established. In the interim, Helena can decide how it wishes to proceed as to Tom Woodard, which may resolve the *Frow* problem too.

C.     The Court Grants Default Judgment as to Liability Only

The Court's analysis follows three steps.  First, is a default judgment procedurally warranted?  Second, do the pleadings support a default judgment?  Third, what relief, if any, should the plaintiff receive?  *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015) (outlining three-step analysis) (citing *United States v. 1998 Freightliner Vin #:  1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)).

1.     Default Judgment Is Procedurally Warranted

District courts in the Fifth Circuit apply the six factors enumerated in *Lindsey v. Prive Corp.* to find whether a default judgment is proper procedurally:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

161 F.3d at 886, 893 (5th Cir. 1998) (bracketed numerals added); *see J & J Sports*, 126 F. Supp. 3d at 814.

Taking these factors in order:  (1) Despite having been served with Helena's motion (via U.S. mail), neither Joseph Woodard nor his partnership Grand Oak Farms has entered an appearance, sought to remedy the entries of default, or contacted the Court.  The Court thus finds no material fact issues.  *See Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) (where no responsive pleading filed, no material facts in dispute) (citations omitted).  (2) Defendants' refusal to appear substantially prejudices Helena, balking its right to litigate the breaches of contract it alleges.  (3) Each motion for entry of default [6, 8] includes an affidavit by counsel attesting due service of process.  Thus the grounds for default are clear.  *See* Fed. R. Civ. P. 55(a) (default shown "by affidavit or otherwise").  (4) Defendants have offered no excuse.  (5) Defendants have obstructed the orderly resolution of Helena's claims and their

defenses (if any) by their unresponsive behavior.  Default judgment is always severe, but here Defendants have failed to so much as appear in defense of their own rights.  *See Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, No. 2:21-CV-00397, 2022 WL 1811371, at *2 (E.D. Tex. June 2, 2022) (potential harshness of default judgment mitigated by defendant's "failure to appear, or otherwise answer").  (6) Nor can the Court, on the present record, see grounds to set aside the defaults were Defendants to finally show up and so move.[2]

Procedurally, entry of a default judgment is warranted.  The next question is whether a default judgment is substantively justified.

          2.        Helena's Pleadings Support Judgment on Liability

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)).  A pleading supports a default judgment if it passes muster under Federal Rule of Civil Procedure 8.  *Id*. at 498.  That rule requires only that the complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Helena attaches to its Complaint two agreements between it and Defendants, a Finance Loan Agreement [1-1] and a personal Guaranty Agreement [1-3].  Paragraph 9 of the Complaint says:  "The Borrowers have defaulted under the terms of the Finance Agreement by failing to

---

[2] The court asked to set aside a default considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented," but "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'"  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)).

pay the full balance due." Paragraph 17 says: "Joseph and Tom [Woodard] have failed to pay Helena under the Guaranty Agreement."

These facts would state a claim under Mississippi or Tennessee law, though the choice of law is a little unclear. The Loan Agreement states in section 24 that "the laws of the state in which the sale of products or services was made" govern that agreement. Joseph Woodard resides in Yazoo County, Mississippi, Compl. [1] ¶ 3, and Grand Oak Farms "is a Mississippi partnership with its principal place of business in Mississippi," *id*. ¶ 2. But neither the agreement nor the Complaint says where the "sale" occurred. As to the Guaranty Agreement, Helena argues that Tennessee law applies, Def.'s Mem. [13] at 10 & n.7. But it makes no such argument for the Loan Agreement, which might suggest Mississippi law applies to it. Regardless, the laws are similar.

"Under Mississippi law, a plaintiff asserting any breach-of-contract claim has the burden to prove by a preponderance of the evidence (1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *White v. Jernigan Copeland Att'ys, PLLC*, 346 So. 3d 887, 896 (Miss. 2022) (quoting *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019)). The Complaint sufficiently alleges these elements for breach of the Loan Agreement.

Tennessee law is similar though not identical. "A claim for breach of contract has three elements: the existence of a valid and enforceable contract; a breach; and damages caused therefrom." *JB&B Cap., LLC v. Medrite, LLC*, No. 3:21-CV-00117, 2023 WL 5411854, at *2 (E.D. Tenn. Aug. 22, 2023) (citing *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011)). No breach occurs unless the plaintiff proves that it suffered actual damages. *Custom Built Homes v. G.S. Hinsen Co.*, No. 01A01-9511-CV-513, 1998 WL 960287, at *4 (Tenn. Ct. App.

Feb. 6, 1998) (citing cases). But such proof need not include "the exact amount of damages." *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 28 (Tenn. Ct. App. 2005) (quoting *Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn. Ct. App. 1983)).

Whether Mississippi or Tennessee law applies to the Loan Agreement or the Guaranty Agreement, the pleaded facts state a claim for breach of contract under both agreements. The pleadings therefore show that Defendants are liable to Helena for damages.

### 3. Helena Must Prove Its Damages

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk of court may enter default judgment. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment" as Helena does here. *Id.* 55(b)(2). When the Court considers a motion for default judgment, it "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." *Id.*

Generally, a default judgment "does not establish the amount of damages," and the courts will not award damages based only on the pleadings. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Damages ordinarily require either an evidentiary hearing or detailed sworn proof of the damages and how they are computed. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The exception is where the court has sufficient information in the pleadings and supporting documents to compute the damages. *Id*.

That is not the case here. Helena seeks monetary damages for the defaulted sums under the Loan Agreement plus interest, attorneys' fees, and collection costs. Compl. [1] ¶ 14. Under Mississippi law, "a plaintiff seeking monetary damages for breach of contract must put into evidence, with 'as much accuracy as' possible, proof of the damages being sought." *Bus.*

9

*Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012) (quoting *Thomas v. Glob. Boat Builders & Repairmen Inc.*, 482 So. 2d 1112, 1116 (Miss. 1986)).  Tennessee law is similar: "Compensatory damages need not be calculated with 'mathematical precision.'  The damages must, however, be proven with reasonable certainty."  *In re Jones*, 585 B.R. 465, 515 (Bankr. E.D. Tenn. 2018) (quoting *Memphis Light, Gas & Water Div. v. Starkey*, 244 S.W.3d 344, 354 (Tenn. Ct. App. 2007)).

The Loan Agreement doesn't specify how much Helena loaned to Defendants, stating instead that Helena will advance unspecified sums.  Loan Agr. [1-1] at 1.  The Complaint demands $260,223.17 plus interest at $75.113 per day up to the entry of judgment, as well as post-judgment interest, attorneys' fees, and "costs of collection."  Compl. [1] ¶ 14.  The Roberts affidavit [10-1] states the lump sum due as $273,302.86, presumably reflecting interest accumulated since filing the Complaint, and notes that Helena's "attorneys' fees continue to accrue" without mentioning a sum.  [10-1] ¶¶ 6, 7.  Helena also attaches a copy of its proof of claim filed in the Woodard bankruptcy proceeding [13-2], but it too names only a lump sum, [13-2] at 2.

The Court needs more information, for example, amounts advanced on specific dates, the dates when the interest[3] allegedly began to accrue, and the rate on each sum loaned.  In other words, Helena needs to document its claims and show its math.  *See Pleasant Valley Biofuels, LLC v. Quest Cap. Fin., Inc.*, No. 12-CV-00229, 2013 WL 1819768, at *3 (D. Idaho Apr. 29, 2013) ("Simply because Pleasant Valley's counsel may be sure of the $280,000.00 sum does not make its damage claim a 'sum certain' under . . . Rule [55].") (citations omitted), *quoted in*

---

[3] Section 6 of the Loan Agreement refers to a Loan Commitment that details how interest is computed, but that document isn't before the Court.

*Travelers Cas. & Sur. Co. of Am. v. Hub Mech. Contractors, Inc.*, No. 2:13-CV-101-KS-MTP, 2014 WL 1464553, at *4 (S.D. Miss. Apr. 15, 2014). An affidavit from a plaintiff's employee that merely says how much the defendant owes, "without any documentation to corroborate the employee's say-so," isn't enough. *Travelers*, 2014 WL 1464553, at *4 (citing *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 402 (D. Me. 2010)).

The same is true for the attorneys' fees. Both agreements make the borrowers liable for collection costs including reasonable attorneys' fees. Loan Agr. [1-1] at 2; Guar. Agr. [1-3] at 1; *see also Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 164 (Miss. 2011) (holding plaintiff cannot recover attorneys' fees for breach of contract unless the contract so provides). "Generally, a request for attorneys' fees is not a 'sum certain' as contemplated by Rule 55(b)(1)." *Miller v. Ledbetter*, No. 4:12-CV-97, 2013 WL 6817624, at *1 (S.D. Miss. Dec. 23, 2013). To avoid a hearing, the plaintiff must demand a specific amount and offer the relevant facts proving their reasonableness. *Travelers*, 2014 WL 1464553, at *4 (citing *Tupelo Redev. Agency v. Gray Corp.*, 972 So. 2d 495, 520–21 (Miss. 2007) (setting out relevant factors)). *See also Ellis v. Ellis*, 621 S.W.3d 700, 708–09 (Tenn. Ct. App. 2019) (factors under Tennessee law). To the extent that Mississippi and Tennessee factors may conflict (Tennessee has ten, Mississippi eight), Helena may also need to explain which fees were incurred in support of which agreement and provide separate showings of reasonableness.

Therefore, the Court must at this time deny Helena's motion insofar as it seeks damages. Helena should submit adequate documentation and show its work as to the principal owed, interest accumulated, and attorneys' fees and collection costs incurred. If, however, Helena concludes that an evidentiary hearing would be better, it may request a date.

11

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not change the outcome.  For the reasons stated, the Court grants Helena's motion for default judgment [10] in part and denies it in part, as follows:

(1)     Finding that Helena's providing but not filing a stipulation of dismissal is not properly presented, the Court will not dismiss Tom Woodard at this time. This ruling is without prejudice to Helena's right to file a Rule 41(a)(1)(A) stipulation of dismissal if it so chooses.

(2)     The Court grants the motion insofar as default judgment is proper and Defendants Grand Oak Farms and Joseph Woodard are liable to Helena for their breaches of contract.

(3)     The Court denies the motion's demand for damages, without prejudice to granting damages upon a proper showing.  Helena has twenty-one days from the entry of this Order to present the Court with detailed documentation verifying its claims for contractual damages, interest, attorneys' fees, and costs of collection.  Alternatively, should Helena believe it needs a hearing to verify its damages, it should file its hearing request within twenty-one days, explaining in detail why it needs a hearing.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE